# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| CYNTHIA GEORGE, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 3:24-cv-00162 |
| | § | |
| v. | § | |
| | § | **JURY DEMANDED** |
| STAR GARRISON STATION, LLC, F/K/A | § | |
| STAR VICTORY STATION, LLC; STAR | § | **Judge Aleta A. Trauger** |
| VICTORY STATION, LLC; AND | § | |
| HARDAWAY CONSTRUCTION | § | |
| CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## PROPOSED INITIAL CASE MANAGEMENT ORDER

A.     JURISDICTION:     The court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § § 3613(a).

B.     BRIEF THEORIES OF THE PARTIES:

1)     PLAINTIFF:

Plaintiff Cynthia George ("Plaintiff"), a handicapped individual who uses assistive devices to ambulate, brings this action against Star Garrison Station, LLC, f/k/a Star Victory Station, LLC, Star Victory Station, LLC, Hardaway Construction Corporation ("Defendants"), alleging violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHA"), 42 U.S.C. §§ 3601-3619.

The FHA specifically requires that apartment complexes built for first occupancy after March 13, 1991, be designed and constructed with

certain minimum accessible features for people with disabilities. All common areas, public areas and ground floor units and units served by elevators are required to comply with the FHA accessibility requirements.

Plaintiff brings this civil rights action against Defendants based on the Defendants' failure to design and/or construct apartments with accessible features for people with disabilities as required by the FHA. Defendants' apartment complex, the Garrison Station, 341 Fortress Boulevard, Murfreesboro, Tennessee, 37128 (the "Property"), which is a multi-family dwelling, has numerous barriers to access. Therefore, Plaintiff seeks a declaration that Defendants' apartment complex violates federal law and an injunction requiring Defendants to comply with the requirements of the FHA. Plaintiff also seeks damages as permitted by federal law.

2) DEFENDANTS:

Defendants assert that their facility is compliant with all requirements of FHA and therefore have no liability to the Plaintiffs. Defendants rely on the Affirmative Defenses as asserted in their response to this action.

Defendant Hardaway Construction Corporation (hereinafter, "HCC") denies all claims and relief sought by Plaintiff. HCC asserts that Plaintiff may not have standing to assert claims against HCC. HCC asserts that every purported cause of action is too vague and uncertain to provide a reasonable basis for granting relief, and Plaintiff seeks excessive damages that, if awarded, would result in unjust enrichment conferred upon Plaintiff. HCC avers that at all times relevant to this

lawsuit, HCC conducted its practices in good faith and in accordance with all applicable statues, codes, laws, rules, regulations, industry best practices, standards of care, etc. and without malice or discriminatory intent.

Star Garrison Station, LLC relied on its construction and design team to construct the building in accordance with all applicable building codes, statutes, rules, and regulations. Star Garrison Station, LLC's building is compliant with all applicable building codes, statutes, rules, and regulations.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

1. Do Plaintiffs have standing to pursue their claims.
2. Did Defendants participate in the design or construction of the Apartments?
3. Are there any features of the Apartments that fail to comply with FHA or ADA design and construction requirements?
4. If so, which features are noncompliant and what remediation is appropriate?
5. What damages and injunctive relief should be awarded.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1), on or before June 27,2024.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before **February 7, 2025**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery

are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger. Plaintiff has requested that Defendant Star Garrison Station, the owner of the Property, not make any modifications to the FHA and ADA covered areas of the Property prior to Plaintiff's expert inspection to prevent spoliation of evidence. Defendant has not agreed, so Plaintiff will request a protective order.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **September 20, 2024**. The parties shall file any motions to add parties by **August 15, 2024**.

H. DISCLOSURE OF EXPERTS: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 4, 2024**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before forty-five (45) days after receipt of Plaintiff's expert report. Plaintiff may serve a rebuttal report within thirty (30) days after receipt of Defendants' report. Plaintiff's position is that, to complete an expert report, Plaintiff will need access to the public and common areas of the apartment complex covered by the FHA or ADA as well as a representative sampling of a number of two (2) of each unit type approximately sixty (60) days before the due date. Plaintiff has noticed an inspection for **June __, 2024** at 9:00 a.m.

Plaintiff's Position:

Plaintiff's position is that Plaintiff is not able to make a settlement demand or otherwise move the case forward until Plaintiff's expert report is complete. Defendant's delay or refusal to provide a date for a prompt inspection will substantially delay the progress of the case. Plaintiff requests the Court to require Defendants to permit access to the Property for an inspection within 30 days of the scheduling conference.

Defendants' Position:

Defendants do not refuse to make the Property available for inspection. However, Defendants merely wish to conduct fact discovery, including Plaintiffs' depositions, prior to expert discovery and expert inspections. Defendants are not required to rely on Plaintiffs' account of facts regarding Plaintiffs' alleged disabilities and limitations, Plaintiffs' alleged visit to the Property, and Plaintiffs' alleged desire to reside at the Property. Defendants' position is that Plaintiffs lack, or may lack, standing to pursue their claims, and, as this is a threshold jurisdictional issue, wish to resolve this issue prior to the expenditure of time and money on an expert inspection. Plaintiffs will seek payment from Defendants for the expert inspection. It is prudent to determine whether the matter can be resolved prior to the parties incurring this expense. Plaintiffs' concerns regarding the spoliation of evidence and the need for expert inspections prior to modifications at the Property support Defendants' theory that Plaintiffs lack standing. If Plaintiff truly desires to reside at the Property and desires that the Property meet FHA standards, modifications to the Property, i.e., the injunctive relief Plaintiffs claim to desire,

would not be a negative factor. If Defendants fully remediate the Property prior to an expert inspection, Plaintiffs will have received the relief requested in the Complaint. To the extent Plaintiffs claim that a prompt inspection is necessary to meet the expert witness deadline, Defendants are willing to extend that deadline and any others.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **February 7, 2025.**

J. JOINT MEDIATION REPORT: The parties shall file a joint mediation report on or before **December 6, 2024**.

K. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **February 28, 2025**. Responses to dispositive motions shall be filed within twenty one (21) days after the filing of the motion. Optional replies may be filed within fourteen (10) days after the filing of the response. Briefs shall not exceed <u>25 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel, and the court.

L. ELECTRONIC DISCOVERY. The default standard contained in Administrative Order No. 174-1 applies to this case. The parties shall produce emails and other electronic information in reasonably usable form.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3-4 days. The parties request a trial in **October 2025**.

It is so **ORDERED.**

                                                                  ALETA A. TRAUGER
                                                                  U.S. District Judge

APPROVED FOR ENTRY:

*/s/ Eric G. Calhoun*
Eric G. Calhoun
Attorney for Plaintiff

*/s/ Jason M. Pannu*
Jason M. Pannu
Attorney for Defendants Star Garrison Station,
LLC f/k/a Star Victory Station, LLC and
Star Victory Station, LLC

*/s/ Luke H. Neder*
Luke H. Neder
Attorney for Defendant Hardaway
Construction Corp.